No. 928

First Circuit

———

MaGEHEE ET UX. v. F. C. YOUMANS CONST. CO. ET AL.

———

(February 8, 1932. Opinion and Decree.)

———

E. L. Stewart, of De Ridder, and M. R. Stewart, of Lake Charles, attorneys for plaintiffs, appellants.

McCoy, Moss & King, of Lake Charles, attorneys for defendants, appellees.

LeBLANC, J. Plaintiffs, William MaGehee and his wife, instituted this suit for compensation against F. C. Youmans Construction Company and its indemnitor, Independence Indemnity Company of Philadelphia, Pa., for the death of their son Harold, on whom they allege they were wholly dependent, as by reason of poor health they are both totally incapacitated from doing work of any character whatsoever, or from earning a livelihood. They aver that their son, who was employed by F. C. Youmans Construction Company, was injured while digging a ditch across the Lake Charles and De Quincy highway in the parish of Calcasieu, and that he died as a result of his injuries. They aver further that he was earning wages of 25 cents per hour, working twelve hours per day and seven days per week, making a weekly average of $21, of which each is entitled to receive 32½ per cent for a period of 300 weeks. They pray for judgment in favor of each in the lump sum of $2,047.50, in solido, against both defendants, with 8 per cent per annum interest from date that compensation became due until paid.

The defendants filed a joint answer in which they admit the injury to plaintiff, although they deny the negligence charged against Youmans Construction Company. They admit that he was earning 25 cents per hour, but aver that he worked only ten hours per day when he worked full time. They both place the plaintiffs upon strict proof of the allegations of dependency, and deny that any compensation is due them.

The district judge held that plaintiffs had shown dependency to a large extent, but not absolute and total dependency. He

found that the decedent's wages at the time of the accident amounted to $18 per week, of which amount he contributed approximately $12 per week to the support of the family, and he accordingly rendered judgment in favor of each, the father and mother, against both defendants in solido, in the sum of $1,170, payable in 300 weekly installments, with interest as demanded. The plaintiffs have appealed, claiming in this court that they are entitled to compensation as for total dependency, and the defendants answer the appeal, contending that the amount allowed is excessive and is not supported by the evidence. They further ask for an amendment of that part of the judgment which allows a lump sum in favor of each plaintiff, as that is not the form of judgment to be rendered in cases involving dependency, except where a settlement has been agreed upon.

Plaintiffs own a tract of what is referred to as "piney woods" land, comprising about twenty acres and worth at the most $5 per acre. There was a mortgage bearing on it which, according to the husband, had "run up" to $159, and which had been reduced by the deceased son to $107.50. On the property, which is only partly fenced in, there is a five-room house, a barn, a smokehouse, and a good well. There is a milk cow which had been purchased by the deceased boy and from which the family had been getting milk up to the time her calf grew too old. The son also had a few hogs, some of which were used by the family, and the others he sold. The property at times was in cultivation, but never to the extent of more than five acres, and most of the farming was done by the son. A garden produced vegetables for the family, and it is shown also that a few cords of wood were sold from the property which helped to defray the family

expenses. The taxes on the property were paid by the decedent.

The father is sick, having some organic trouble which prevents him from doing any but the lightest kind of work. The mother is not in any too good health, and has all that she can do attending to her duties as a housewife. The deceased son furnished the groceries for the family, as shown by the testimony of Mr. Bailey, manager of the grocery department of the store with which he dealt, and that of Mr. Fruge who delivered the groceries on his orders when he left home to go to work elsewhere.

From the foregoing facts, it appears that, with the exception of the vegetables from the garden and the meager revenues derived from the sale of cordwood from off the property, the family was almost entirely dependent on this son for their existence, and the only charge that might be urged against him was the use he made of the home when he worked near enough and lived there. When he worked away, he of course had to pay board and sent what was left over of his pay to his parents.

What he actually earned by the month and what he spent on himself it is very difficult to determine, due to the lack of any positive evidence. His father estimated his yearly earnings to be from $500 to $700. This is purely an estimate, with nothing very definite to sustain it. The only certain proof of any wages before us is that covering the short period of his employment by the Youmans Construction Company, defendant herein, as there is an admission in the record which shows that for the ten days that he worked his average earnings per week amounted to $18.66. He boarded with a sister while on that job, and either paid, or was to pay, 75 cents a day.

It may be that the decedent did not average $18 per week in cash, all through the year, but, taking into consideration the work he did in helping on the farm and his contributions in other ways, we do not think that the district judge was far off in fixing his earnings at that amount. The deduction he made of $6 per week for his personal expenses strikes us also as being fairly accurate under the evidence in the case. This, of course, leaves the balance of $12 per week as his contribution to the support of his father and mother, on which the amount of compensation fixed by the court is based. The judgment in that respect we believe is correct.

We are of the opinion, however, that the judgment as rendered for a lump sum in favor of each plaintiff is not authorized under the form of this present proceeding. The workmen's compensation statute provides under what circumstances lump sum settlements can be made between employer and employee. See subdivision 9 of section 8 of Act No. 242 of 1928. A judgment for compensation is not of the same character as an ordinary judgment for a sum of money which becomes exigible for the whole amount as soon as it becomes final. The latter form of judgment becomes a property right which passes from the one who holds it to his heirs on his demise. A judgment for compensation in favor of a father or mother does not automatically so pass, as it is only the minor dependent children who become entitled to their share in it, and, before they can inherit that right, it strikes us that a showing of some kind would have to be made. Any action of that kind, of course, becomes necessary only in the event of the death of either parent who is receiving compensation, and requires no consideration in this case at this time.

We deem it necessary, therefore, to amend and recast the judgment, and for the reasons stated,

It is therefore ordered, adjudged, and decreed that there be judgment herein in favor of each plaintiff, William H. McGehee and his wife, Mrs. William H. McGehee, and against the defendants F. C. Youmans Construction Company and Independence Indemnity Company of Philadelphia, Pa., in solido, condemning the said defendants, in solido, to pay to each of said plaintiffs compensation at the rate of $3.90 to each, per week, for a period of three hundred weeks beginning April 21, 1931, with interest at eight per cent per annum from the due date of each payment until paid, with all costs of this proceeding.